**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DONALD COOPER,                    :

       Petitioner,              :         Case No. 3:12cv00059

  vs.                              :         District Judge Thomas M. Rose
                                        Magistrate Judge Sharon L. Ovington

WARDEN, Lebanon                   :
Correctional Institution,
                                  :

       Respondent.              :

                                    :

---

## REPORT AND RECOMMENDATIONS[1]

---

I.  **Introduction**

      Petitioner  Donald Cooper brings this habeas corpus case under 28 U.S.C. §2254

challenging his convictions in state court on one count of rape and one count of gross sexual

imposition.  He is presently incarcerated in state custody, serving a sentence of 10 years on

the rape conviction plus a consecutive sentence of 18 months on the gross-sexual-imposition

conviction.

      This case is before the Court upon Cooper's Habeas Corpus Petition (Doc. #2),

Respondent's Return of Writ (Doc. #6), and Cooper's Traverse (Doc. #9); Cooper's Motion

for Leave of Court to Conduct Rule 6 Discovery (Doc. #8), Respondent's Response in

---

     [1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

Opposition (Doc. #10), Cooper's Reply (Doc. #11), and the record as a whole.

Cooper raises seven grounds for relief in his habeas petition. He seeks, in his traverse, a writ of habeas corpus to remedy "constitutional violations that are supplemented with a colorful claim of actual innocence in which he has been wrongfully convicted and sentenced...." (Doc. #9, PageID at 845). In his traverse, he "swears under the penalty of perjury that he ... never committed an offense against a female, domestic violence or otherwise, and he is most definitely not a rapist!" *Id*. at 844. Respondent disagrees.

## II.    Background

### A.    Trial, Verdicts, Sentence, and Direct Appeal

In May 2008, a state grand jury indicted Cooper on one count of rape that occurred on or about March 28, 2008. (Doc. #6, Exhibit 1). Several months later, the grand jury indicted Cooper on a second count of rape plus one count of gross sexual imposition; each additional count concerned the same March 28, 2008 events identified in the first indictment. Cooper pled not guilty to all three charges.

During Cooper's three-day jury trial, his counsel attempted to sway the jury under the theory that the victim consented to the sexual conduct. Defense counsel based the consent theory largely on Cooper's testimony but also on other testimony and cross-examination designed to impugn the victim's credibility. At the conclusion trial, the jury found Cooper not guilty on one count of rape but guilty on the second count of rape and gross sexual imposition. (Doc. #6, Exh. 5). In addition to his total sentence of 11½ years, the court found

Cooper to be a Tier 3 sex offender under Ohio law and advised him that he must register as

sex offender upon the completion of his sentence as required by certain Ohio statutes. *Id.*,

Exh. 7.

Cooper, through new counsel, filed a timely direct appeal raising three assignments of

error:

1. The trial court committed prejudicial error when it failed to instruct on the lesser included offense of sexual battery, a violation of [Ohio] R.C. section 2907.03 and such failure amounted to plain error.

2. The trial court committed prejudicial error when it failed to merge the sentences imposed on the two remaining counts pursuant to [Ohio] R.C. 2941.25 and such failure amounted to plain error.

3. Appellant was denied effective assistance of trial counsel.

(Doc. #6, Exh. 9). The State of Ohio opposed Cooper's contentions.

On November 12, 2010, the Ohio Court of Appeals overruled Cooper's assignments of

error, finding each meritless, and affirmed his convictions and sentence. In doing so, the Ohio

Court of Appeals began with the following:

Shortly after 6:00 a.m. on March 29, 2008, twenty-year-old D.D. was on her way home from work. When she got off of the bus in downtown Dayton, she called her mother to pick her up, who told her daughter that she (the mother) did not have enough gas. Not wanting to wait for another bus, D.D. decided to walk to the Five Oaks neighborhood in which she lived.

As D.D. walked north on Main Street, approaching Helena Street, she heard a man at the bus stop across the street call out, "Hey girl. Come here." D.D. looked up and saw the man (later identified as Cooper) walking toward her. D.D. kept walking, but Cooper started walking faster, catching up to her. Cooper grabbed D.D.'s arm and asked her where she was going, insisting that he wanted to talk to her. The two talked for a couple of minutes, then D.D. told Cooper that she had to get home to her daughter.

Being only two blocks away from her home, D.D. tried to walk away, but Cooper followed her, continuing to talk. Becoming more concerned, D.D. sent a text message to her mother, asking for help. Cooper suddenly kissed D.D., who pushed him away, and repeated that she needed to get home to her child. Cooper grabbed her arm and told her, "You're not going anywhere." As Cooper dragged D.D. into an alley, she hit the send button on her phone to text her mother again.

In the alley, Cooper pushed D.D. onto her knees and shoved his penis into her mouth. Cooper then withdrew his penis and forced D.D. to masturbate him. D.D. managed to call her mother, who could hear her begging someone to leave her alone. The call was disconnected, and D.D.'s mother left the house to look for her daughter. D.D. claimed that Cooper then turned her around and pulled down her pants. D.D. testified on direct examination that Cooper vaginally raped her from behind, but on re-direct examination, she testified that Cooper anally raped her. When Cooper withdrew, D.D. ran down the alley to her home, where she told her siblings what had happened. D.D.'s mother arrived home a couple of minutes later, and the family went looking for Cooper, finding him back at the bus stop where D.D.'s ordeal began. They saw a police officer at a nearby store and reported the attack.

The officer arrested Cooper, and D.D. was taken to the hospital. She suffered from cut, swollen, and bruised lips, bruising to both arms, and an abrasion to her cervix. Cooper was indicted on two counts of rape and one count of gross sexual imposition.

Cooper testified that he had sex with D.D., but he insisted that it was consensual. He said D.D. was a prostitute and that he paid her $20 and shared some crack cocaine with her in exchange for oral sex that morning. Cooper also offered the testimony of Daphne Tillman, a drug addict and prostitute with an extensive criminal history. Tillman claimed that she knew D.D. to be a prostitute. She testified that she saw D.D. and Cooper smoking crack cocaine at the bus stop before walking together down the alley.

On rebuttal, the State offered the testimony of several police officers who stated that D.D. did not appear to be under the influence of either drugs or alcohol when they spoke to her. A detective in the vice squad was not familiar with either D.D.'s name or her face, and at the time of this offense there were no police records for D.D. for any crime, including prostitution.

A jury found Cooper guilty of gross sexual imposition and one count of rape for the act of fellatio, but not guilty of the other count of rape....

(Doc. #6, Exhibit 11, PageID at 126-28).

Having lost in the Ohio Court of Appeals, Cooper turned to the Ohio Supreme Court. Proceeding pro se, he re-framed each of his assignments of error as a proposition of law with certain additions. His first proposition of law added the phrase, "and Due Process violation"; his second added the phrase, "and Double Jeopardy violation"; the third added the phrase, "and 6th Amendment Violation." (Doc. #6, Exh. 14).

On March 16, 2011, the Ohio Supreme Court denied Cooper leave to appeal and dismissed his appeal. (Doc. #6, Exh. 15).

## B. **Application to Re-Open Appeal**

Meanwhile back in the Ohio Court of Appeals, Cooper filed a pro se Application to Re-Open Direct Appeal under Ohio R. App. P. 26(B). "Ohio Rule of Appellate Procedure 26(B) allows defendants to 'reopen an appeal' on the basis of ineffective assistance of appellate counsel provided during the first direct appeal of right." *Lopez v. Wilson*, 426 F.3d 339, 340 (6th Cir. 2005) (en banc). Cooper's Rule 26(B) application asserted that his appellate counsel provided ineffective assistance for failing to raise several claims:

1. The trial court committed prejudicial error when it failed to remove a juror whom had knowledge of a prior felony offense involving appellant, a violation of his 5th and 14th Amendment due process rights to a fair trial.

2. The trial court committed prejudicial error when it failed to strike the alleged victim's testimony after she perjured herself under oath, a violation of appellant's due process and equal protection rights to a fair trial and such failure amounted to plain error.

3. Appellant was denied effective assistance of trial counsel, a violation of appellant's 6th Amendment right.

5

(Doc. #6, Exh. 16, 17).

On April 25, 2011, the Ohio Court of Appeals rejected Cooper's arguments and overruled his Rule 26(B) Application. (Doc. #6, Exh. 18).

Cooper filed an appeal in the Ohio Supreme Court, rephrasing his assignments of error as propositions of law. *Id.*, Exhs. 19, 20. On August 24, 2011, the Ohio Supreme Court dismissed Cooper's appeal. *Id.*, Exh. 21.

### C.    Post-Conviction Petition

Approximately one year after his convictions and sentence, Cooper filed in the trial court a pro se Petition to Vacate or Set Aside Judgment of Conviction or Sentence under Ohio Rev. Code §2953.21, which provides in part:

> Any person who has been convicted of a criminal offense ... and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States ... may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief....

Ohio Rev. Code § 2953.21(A)(1)(a). Cooper's §2953.21 Petition claimed that his trial counsel provided ineffective assistance, thus violating Cooper's right to a fair trial and due process, due to the following:

1.    Trial counsel failed to have examined, and submitted key evidence which could have substantiated claim of consensual sex and proved innocence. A drug analysis of alleged victim's bodily materials contained in the State's rape-kit will substantiate claim of "sex for drugs," and an inspection of the alleged victim's clothing (also in evidence) will disprove element of force by dragging alleged victim into alley.

6

2. Trial attorney failed to call an expert witness who could have established that the prosecution's medical documents and photos (taken hours after alleged abrasions) were not consistent to the offenses of rape and gross sexual imposition by force, and could have proved innocence....

3. Trial counsel failed to provide key evidence which could have shed more doubt on the prosecution's case, and no reasonable fact finder would have found petitioner guilty; to wit: medical records of Petitioner, and evidence of false testimony and false written statements made by alleged victim.....

(Doc. #6, Exh. 22).

In response to Cooper's Petition, the prosecutor filed a Motion for Summary Judgment, which Cooper opposed. (Doc. #6, Exhs. 23, 24).

On February 23, 2010, the trial court denied Cooper's Petition and sustained the prosecutor's motion for summary judgment. The trial court reasoned that Cooper had not presented evidence sufficient to show both that his trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome of the trial would have been difference but for trial counsel's errors. (Doc. #6, Exh. 25). The trial court also concluded that Cooper had failed to present substantive ground for relief that would warrant a hearing. *Id*.

Cooper appealed pro se, raising one assignment of error in the Ohio Court of Appeals:

The trial court committed prejudicial error when it failed to hold an evidentiary hearing before dismissing Petition for Post-Conviction Relief, a violation of [Ohio] R.C. 2953.21 and the 14th Amendment due process, and such failure amounted to plain error.

(Doc. #6, Exh. 27). After further briefing by the State of Ohio and Cooper, *id*, Exhs. 28, 29, the Ohio Court of Appeals affirmed the trial court's decision. After rejecting Cooper's

assignment of error and underlying assertions of ineffective assistance of trial counsel, the Ohio Court of Appeals affirmed the trial court's decision. Specifically, the Ohio Court of Appeals concluded, "the trial court correctly found that Cooper's petition for post-conviction relief lacked sufficient support, in the form of documentary materials other than his own, self-serving affidavit, to justify an evidentiary hearing upon his petition...." (Doc. #6, Exh. 30).

Cooper appealed to the Ohio Supreme Court, re-phrasing his sole assignment of error as a proposition of law. (Doc. #6, Exh. 33). On September 21, 2011, the Ohio Supreme Court dismissed Cooper's appeal. *Id.*, Exh. 34.

## III.    Ineffective Assistance of Counsel

### A.    The Parties' Positions

Cooper claims that his trial counsel provided ineffective assistance in violation of his constitutional rights. This claim overarches his other claims because it is based on alleged mistakes by counsel that are addressed in many of his grounds for relief. He argues that his trial counsel provided ineffective assistance by not objecting (1) to the absence of a lesser-included, sexual-battery jury instruction or (2) to the trial court's failure to merge his sentences for rape and gross sexual imposition, which constitute allied offenses of similar import. Cooper further claims that his trial counsel provided ineffective assistance by not contesting the trial court's failure to remove a biased juror and its failure to strike the victim's "perjured" testimony.

Respondent contends that Cooper is not entitled to habeas relief on his ineffective

8

assistance of counsel claim because the Ohio Court of Appeals reasonably applied the

standards in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) when rejecting

these claims. Respondent further contends that Cooper has not established either deficient

performance or prejudice caused by counsel, and he has not shown – as required by the

AEDPA – that the state courts rejected his ineffective-assistance claims based on an

unreasonable application of Supreme Court case law.

### B. The AEDPA and *Strickland*

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal

court may not grant habeas relief to a state prisoner with respect to any claim that has been

'adjudicated on the merits in State court proceedings' unless the state-court adjudication

'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States.' 28 U.S.C.

§ 2254(d)(1)." *Greene v. Fisher*, __ U.S. __, 132 S. Ct. 38, 42 (2011). The AEDPA applies

to those aspects of Cooper's ineffective assistance of counsel claims adjudicated and rejected

on the merits in the state courts. *Bunch v. Smith*, 685 F.3d 546, 549 (6th Cir. 2012) (*citing* 28

U.S.C. § 2254(d)).

Respondent is correct that the clearly established law at issue in Cooper's claim of

ineffective assistance of counsel is set forth in *Strickland*, 466 U.S. 668, 104 S.Ct. 2052.

> Under *Strickland,* a defendant must establish that his or her counsel was
> deficient and that he or she was prejudiced by the deficiency. *Id.* at 687, 104
> S.Ct. 2052. To demonstrate deficient performance, a defendant challenging a
> conviction must show that "counsel's representation fell below an objective
> standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. The court must apply

9

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential" because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.*

*Robins v. Fortner*, __F.3d__, __, 2012 WL 4901101 at *9 (6th Cir. Oct. 17, 2012).

When – as in the present case – the AEDPA controls review of an ineffective-assistance claim, "[t]he pivotal question ... is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id.* (quotation marks omitted; quoting, in part, *Harrington v. Richter*, __, U.S.__, 131 S.Ct. 770, 785-86 (2011)). "[W]hen both *Strickland* and § 2254(d) apply, the review is 'doubly' highly deferential.... '[T]he question is not whether counsel's actions were reasonable,' but 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Robins,* __F.3d at __, 2012 WL 4901101 at *9 (quoting, in part, *Harrington*, __, U.S. at __, 131 S.Ct. at 788)); *see Storey v. Vasbinder*, 657 F.3d 372, 387 (6th Cir. 2011).

**C.**     **Analysis**

**1.**
**Lesser Included Offense Instruction**

The Ohio Court of Appeals found no merit in Cooper's claim that his trial counsel provided ineffective assistance by not objecting to, or contesting, the lack of a jury instruction on the lesser included offense of sexual battery. The Ohio Court of Appeals began with a

description of *Strickland*'s standards then rejected Cooper's first claim because no lesser-included/sexual-battery offense jury instruction was warranted under Ohio law due to Cooper's complete defense, which focused on the victim's consent. (Doc. #6, Exh. 11, PageID at 134). The Court of Appeals explained:

> Cooper's defense was that D.D. [the victim] consented to perform oral sex. Had the jury believed this [Cooper's] testimony, his defense to the charge of rape was complete. Contrary to Cooper's assertion, "[t]he jury could not have found that the defendant acted knowingly but not purposefully; it had to choose between a complete defense, and therefore acquittal, or the commission of the crime of rape." ... "[W]here a defendant presents a complete defense to the substantive elements of a crime, ... an instruction on a lesser included offense is improper.....

*Id.*, PageID at 130. By not objecting to the lack of a lesser-included/sexual-battery offense jury instruction, defense counsel's performance during Cooper's trial did not fall below an objective standard of reasonableness. There was no basis under Ohio law to either request this jury instruction or support an objection by defendant counsel to the absence of the instruction. Instead, as the Ohio Court of Appeals essentially explained, Ohio Supreme Court case law would not have supported such a requested jury instruction or objection. In addition, in non-death-penalty cases – such as Cooper's – the Constitution does not mandate a lesser-included offense instruction. *See Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (en banc)). For these reasons, defense counsel's trial performance was not constitutionally deficient, and the Ohio Court of Appeals' rejection of Cooper's ineffective assistance of counsel claim did not involve an unreasonable application of *Strickland*.

## 2.
## Allied Offenses of Similar Import

Cooper also asserts that his trial attorney provided ineffective assistance by failing to challenge the trial court's decision not to merge the sentences for rape and gross sexual imposition because those crimes are allied offenses of similar import.

The Ohio Court of Appeals found no merit in this claim because Cooper's crimes of rape and gross sexual imposition each involved a separate and distinct act and each required proof of a different animus. (Doc. #6, Exh. 11, PageID at 132-33). Ohio statutory law, Ohio Rev. Code, §2941.25, embodies the double jeopardy protections provided in the Fifth Amendment to the Constitution (applicable to the states under the Fourteenth Amendment). *See State v. Rance*, 85 Ohio St.3d 632, 636 (1999) *overruled on other grounds by State v. Johnson*, 128 Ohio St.3d 153, 162 (2010).[2] Considering §2941.25 on Cooper's direct appeal, the Ohio Court of Appeals explained generally that different offenses constitute allied offenses of similar import if their elements "correspond to such a degree that the commission of one crime will necessarily result in the commission of the other." (Doc. #6, Exh. 11, PageID at 131). This general rule, however, is tempered by further analysis. The Ohio Court of Appeals continued: "If the elements do so correspond, the offenses are allied offenses of similar import, and the defendant may only be convicted of and sentenced for both offenses if

---

[2] The Ohio Court of Appeals correctly cited *Rance* as the Ohio Supreme Court case controlling at the time of Cooper's direct appeal. Although *State v. Johnson* later changed the allied-offense analysis, *Johnson* applies only prospectively. *See Render v. Warden*, 2012 WL 3627766 at n.10 (S.D. Ohio Aug. 22, 2012)(Spiegel, D.J.; Bowman, M.J.). And, *Johnson*'s change leaves intact the Ohio Court of Appeals' main point, identifying Cooper's separate act/separate animus.

he committed the crimes separately or with a separate animus." *Id.*

The general rule applies to rape and gross sexual imposition under Ohio law – as the Ohio Court of Appeals recognized – and, consequently, these offenses are allied offenses of similar import. (Doc. #6, Exh. 11, PageID at 132). Yet, continuing its analysis, the Ohio Court of Appeals explained, "While a defendant may not be convicted of rape and gross sexual imposition arising out of the same conduct, there are circumstances under which he may be convicted of both." *Id.* The Court of Appeals then discussed informative Ohio cases, noting, "When a defendant gropes his victim's breast and buttocks, as well as rapes her..., the acts of groping are not merely incidental to the rape, and a trial court did not err in separately sentencing the defendant for ... gross sexual imposition ... [and] rape." *Id.*, PageID at 132-33 (citing, in part, *State v. Young*, 2010 WL 4158506 (Oh Ct. App., 2nd Dist.)). Considering another case, *State v. Hay*, 2000 WL 1852725 (Oh Ct. App., 3rd Dist.), which involved a male victim, the Ohio Court of Appeals explained, "[t]he charge of gross sexual imposition was premised upon the alleged masturbation of [the victim's] penis. This is separate and distinct from the action, specifically the act of fellatio, which constituted the sexual conduct which [led] to the appellant's charge for rape. Therefore, the appellant committed two separate offenses, and he may be convicted of both." (Doc. #6, Exh. 11, PageID at 132-33) (citation omitted).

With those cases in mind, the Ohio Court of Appeals concluded, "Cooper's act of forcing D.D. to masturbate him was not merely incidental to the act of rape, but was instead a separate and distinct act, committed with a separate animus." *Id.* The Ohio Court of Appeals'

conclusion closely tracks the applicable decisions it discusses and applies the pertinent Ohio

statute, which embodies double-jeopardy protections. In light of this, any objection Cooper's

trial counsel might have offered to consecutive sentences lacked a grounding in both Ohio and

federal law and would have been fruitless if not futile. *See Missouri v. Hunter*, 459 U.S. 359,

366, 103 S. Ct. 673, 678 (1983) ("With respect to cumulative sentences imposed in a single

trial, the Double Jeopardy Clause does no more than prevent the sentencing court from

prescribing greater punishment than the legislature intended."); *see also Palmer v. Haviland*,

273 Fed.Appx. 480, 487 (6th Cir. 2008)("As the state appellate court clearly held that multiple

punishments for the two crimes are permissible under Ohio law, the state trial court did not

violate Palmer's federal right against double jeopardy."). Counsel's performance, therefore,

was not deficient and did not prejudice Cooper. And the Ohio Court of Appeals' decision

rejecting Cooper's ineffective assistance of counsel claim did not unreasonably apply

*Strickland*.

### 3.
### Physical Evidence/Expert Witness

Cooper's seventh ground for relief raises, in part, another assertion of ineffective

assistance of counsel. He contends:

> The state courts' interpretations, decisions, and applications of [Ohio]
> R.C. 2953.21(E) violate[d] Petitioner's constitutional right to due process, when
> no evidentiary hearing was held to allow him an opportunity to fully substantiate
> his claims. A) This Petitioner had a clear liberty interest to have his trial
> counsel ... provide physical evidence and to call an expert witness at trial, and to
> otherwise investigate the case.

(Doc. #2 at PageID at 13). To the extent Cooper challenges the Ohio courts' denial of an

evidentiary hearing during his §2953.21 proceeding, federal habeas corpus does not provide

him with a remedy. *See Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be

granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedures

because such claims relate to a state civil matter, not the custody of a defendant.")(citing

*Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)).

Cooper presented three ineffective assistance of counsel claims during his §2953.21

proceedings: (1) trial counsel failed to conduct an analysis of the victim's rape kit or hair to

substantiate his claim of consensual "sex for drugs," and trial counsel failed to inspect the

victim's clothing for evidence that she was not dragged into the alley (as the prosecutor

alleged); (2) trial counsel failed to call expert witness Nurse Jackson to challenge the

prosecution's medical documents and photos of the victim taken hours after the incident; and

(3) trial counsel failed to provide key evidence which could have shed more doubt on

Cooper's guilt including his medical records, evidence of the alleged victim's false testimony

and false written statements. (Doc. #6, Exh. 30, PageID at 301-03).

The Ohio Court of Appeals rejected each of these challenges to defense counsel's

representation, explaining:

> The only documentary evidence Cooper submitted in support of his
> petition have to do with his claim that he had a physical infirmity, or impairment
> that would have made it unlikely that he could have 'dragged' his victim off the
> main street into an alley. There are two problems with this claim. The first is
> that the documents in question were generated in prison after Cooper was tried
> and convicted..... Obviously, trial counsel cannot be deemed to have been
> ineffective for having failed to offer the prison documents Cooper submitted in
> support of his petition for post-conviction relief, since they did not exist at the
> time of trial.

(Doc. #6, Exh. 30, PageID at 304).  This logical point was reasonable and unassailable.

Because defense counsel could not present the jury with medical evidence that did not exist

until after trial, the lack of this evidence during trial did not constitute deficient performance

or ineffective assistance by trial counsel.

The Ohio Court of Appeals also reasoned:

> The second problem with this claim is that the evidence at trial did not establish that Cooper "dragged" his victim into the alley in the most literal sense of that verb.  On direct, the victim testified that: "He grabbed my arm and took me to the back of the alley."  When asked if she went willingly, or if he forced her, she testified:  "He forced me..."

> The victim was then asked some questions about what happened on the way to and through the alley, in which the prosecutor used the word "to drag," but the victim did not use that verb....

> If we were to assume: (1) that the victim's clothing from the time of the alleged offense still existed, in the same condition, at the time that Cooper's trial counsel began representing him; and (2) that the victim's clothing would have been intact, without any unusual wear and tear, both of which assumptions are entirely speculative, that would still not have been inconsistent with the victim's testimony concerning the offense.  Therefore, we cannot find that trial counsel's failure to have sought the production of the victim's clothing would have satisfied the prejudice prong of *Strickland v. Washington*....

(Doc. #6, Exh. 30, PageID at 304-05).  By essentially assuming that trial counsel could have

offered the victim's clothing into evidence during trial, the Ohio Court of Appeals gave

Cooper a large benefit of any doubt concerning the existence, if not the admissibility, of such

evidence at his trial.   Cooper, however, fails to recognize the validity of the Ohio Court of

Appeals' point:  even if defense counsel erred by omitting such evidence, no prejudice to

Cooper's case arose under *Strickland*.  If the victim's clothing was damaged consistent with

dragging, it would have been offered into evidence by defense counsel at Cooper's peril because it could support the reasonable inference that he used force to drag the victim into the alley. The Ohio Court of Appeals therefore viewed the omitted clothing in Cooper's favor by assuming it was undamaged – "intact, without any unusual wear and tear...." (Doc. #6, Exh. 30, PageID at 305). Yet, the absence of such evidence caused no prejudice to Cooper's defense because it was not inconsistent with – and would not have impeached – the victim's testimony that he pulled and thus forced her into the alley. In light of this, the Ohio Court of Appeals' no-prejudice conclusion was not an unreasonable application of *Strickland*'s prejudice prong.

The Ohio Court of Appeals found Cooper's remaining contentions "entirely speculative." (Doc. #6, PageID at 305). It reasoned:

> There is no reason to believe that an analysis of the victim's hair would have established that she was a crack cocaine addict. No evidence, beyond Cooper's bare allegation, has been submitted to establish that ... [Nurse] Jackson would have testified and 'possibly proved innocence.' And Cooper has offered no evidence, beyond his bare assertion, that the there was evidence of the victim's false testimony and false written statements, other than the discrepancies that trial counsel did, in fact, exploit at trial, and the testimony of a witness, Daphne Tillman, that the victim appeared to be smoking crack cocaine with Cooper before they went into the alley, which was, in fact, presented to the jury at trial.

*Id.*, PageID at 305-06. In this manner, the Ohio Court of Appeals viewed Cooper's contentions and his trial counsel's performance without the benefit of 20-20 hindsight as *Strickland* mandates. *See Strickland,* 466 U.S. at 689 ("a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight,

to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Cooper's insistence, moreover, that the victim perjured herself, along with his other speculative and unsupported contentions, fail to show that his counsel's performance during trial fell below an objective standard of reasonableness. Cooper has therefore failed to show that the Ohio Court of Appeals' rejection of these ineffective assistance of counsel claim rested on unreasonable application of *Strickland*. *See Harrington,* __U.S. at __, 131 S.Ct. at 787 ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (citations omitted); *see also Storey*, 657 F.3d at 388.

Accordingly, because Cooper has not shown that his trial counsel's performance was constitutionally ineffective or that the Ohio Court of Appeals' decision was contrary to or involved an unreasonable application of *Strickland*, his claims that his counsel provided ineffective assistance during trial do not merit habeas relief.

**IV.** **Cooper's Remaining Claims**

    **A.** **The Parties' Positions**

Cooper's habeas petition raises additional constitutional challenges to the trial court's failure to:

- instruct the jury on the lesser included offense of sexual battery;

- merge his sentences as allied offenses of similar import;

- remove a juror who had previous contact with Cooper; and

- strike the victim's "perjured" testimony.

Respondent contends that each of Cooper's remaining grounds for relief are not reviewable on the merits in this federal habeas case due to his procedural defaults and the lack of cause for his defaults and prejudice. Respondent also contends that Cooper has not demonstrated his actual innocence.

### B. <u>Procedural Default; Cause and Prejudice</u>

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, __U.S.__, 132 S.Ct. 1309, 1316 (2012). Prominent among those rules is the concept and operation of procedural default, "under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.*; *see Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 430-31 (6th Cir. 2006). Procedural default occurs when (1) the petitioner failed to comply with a state procedural rule; (2) the state courts actually enforced the rules against him; and (3) the procedural rule provided an adequate and independent basis for rejecting his claim or claims. *Smith*, 463 F.3d at 431 (discussing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). A petitioner in such circumstances "can overcome the procedural default by either 'demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or a fundamental

19

miscarriage of justice.'"  *Smith*, 463 F.3d at 431 (brackets omitted) (quoting in part *Coleman*

*v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991)); *see Monzo v. Edwards,* 281 F.3d

568, 575 (6th Cir. 2002) (and cases cited therein).

### C.   Claims One and Two

**1.**
**Procedural Defaults – Claim 1**

Cooper's first ground for habeas relief asserts:

> The trial court committed plain error when it failed to instruct the jury on the
> lesser included offense of sexual battery, a violation of due process and Petitioner's 14th
> Amendment right....  The state courts' interpretation and non-application of a lesser
> included offense violates the petitioner's right to due process.

(Doc. #2, PageId at 6).

Respondent contends that Cooper committed a procedural default, thus barring habeas

review, by not raising a contemporaneous objection to this perceived error in the trial court.

Under Ohio's contemporaneous objection rule, an appellant who fails to object to jury

instructions during trial waives appellate review of the neglected objections unless he shows

plain error.  *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423-24 (6th Cir. 2003) (and

cases cited therein).  Ohio's contemporaneous objection rule constitutes an adequate and

independent state procedural rule.  *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *see*

*Gulertekin*, 340 F.3d at 424; *see also Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Cooper argued in the Ohio Court of Appeals that the trial court's failure to instruct the

jury on the offense of sexual battery constituted plain error.  The Ohio Court of Appeals

rejected this contention, noting first, "As Cooper acknowledges, he has waived all but plain error review by not objecting to or requesting a different instruction in the trial court. *See, e.g., State v. Hancock*, 108 Ohio St.3d 57... [2006]." (Doc. #6, Exh. 11, PageID at 128). The Ohio Court of Appeals then conducted a plain-error review and found no merit in Cooper's lesser-included-offense contentions. "[P]lain error review by an appellate court constitutes enforcement of Ohio's contemporaneous objection rule." *Goodwin*, 632 F.3d at 315 (citation omitted). Consequently, the Ohio Court of Appeals applied and enforced Ohio's contemporaneous objection rule against Cooper. *See id.*; *see also Gulertekin*, 340 F.3d at 421-22. And as a result, Cooper's failure to contemporaneously object to the jury instructions, based on the lack of a lesser-included/sexual-battery offense instruction, constitutes a procedural default.

* * *

Respondent also contends that Cooper committed a second procedural default in the Ohio Court of Appeals by failing to couch his lesser-included-offense claim in terms of federal constitutional law. Respondent point out that Cooper relied on and cited only state cases in support of his first assignment of error.

Cooper's brief in the Ohio Court of Appeals cited *State v. Johnson*, 112 Ohio St.3d 210 (2006) for the proposition that sexual battery under Ohio statutory law (Ohio Rev. Code §2907.03) is a lesser included offense of rape, defined by Ohio statutory law (Ohio Rev. Code §2907.02(A)(2). 112 Ohio St.3d at 247. Cooper also quoted *State v. Wilkins,* 64 Ohio St.2d 382 (1980) as follows:

21

> If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

64 Ohio St.2d at 388. *Wilkins*, like *Johnson*, focused only on Ohio law concerning lesser included offenses and did not involve or address any possibly pertinent federal constitutional provision or U.S. Supreme Court case. In addition, Cooper's state appellate brief did not frame his first assignment of error in federal constitutional terms. For these reasons, Cooper's first assignment of error did not fairly alert the Ohio Court of Appeals to any asserted violation of his rights under the Constitution. This constituted a second procedural default by Cooper concerning the first ground for relief he raises in the present case. *See McMeans v. Brigano*, 228 F.3d 674, 681-82 (6th Cir. 2000).

## 2.
## <u>Procedural Default – Claim Two</u>

Cooper asserts in his second ground for relief:

> The trial court committed plain error when it failed to merge the sentences imposed on the two counts of conviction [rape and gross sexual imposition], a violation of his right not to be subjected to Double Jeopardy; and a violation of Ohio Revised Code 2941.25.... The state courts['] interpretations and applications of O.R.C. 2941.25 subjected this Petitioner to Double Jeopardy.

(Doc. #2, PageId at 7).

Respondent contends that Cooper's failure to raise this issue in the trial court constituted a procedural default under Ohio's contemporaneous objection rule, barring federal habeas

review.

The Ohio Court of Appeals recognized that Cooper claimed error in the trial court's failure to merge his rape and gross sexual imposition as allied offenses of similar import. The Court of Appeals then explained, "Cooper acknowledges that this issue was not raised below, and he has therefore waived all but plain error. *See State v. Hay*, Union App. No. 14-2000-24, 2000-Ohio-1930, *citing State v. Comen* (1990), 50 Ohio St.3d 206, 211." (Doc. #6, Exh. 11, PageID at 131). The Ohio Court of Appeals then analyzed and rejected Cooper's claim, concluding that the trial court did not err by sentencing him separately on the rape and gross sexual imposition convictions. (Doc. #6, Exh.11, PageID at 131-33).

By applying its plain error review to Cooper's failure to present the trial court with the issue of whether his rape and gross sexual imposition convictions constituted allied offenses of similar import, the Ohio Court of Appeals enforced its adequate and independent contemporaneous objection rule against Cooper. *See Gulertekin*, 340 F.3d at 421-22; *see also Hinkle*, 271 F.3d at 266; *Comen*, 50 Ohio St.3d at 646 ("Appellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed." (citations omitted)). Cooper's failure to raise this claim thus constituted a procedural default.

### 3.
### Cause

There exists the possibility that cause exists to excuse Cooper's procedural defaults on claims one and two due to his trial counsel's ineffective assistance, a federal constitutional claim he raises in his habeas petition's third ground for relief. "Ineffective assistance of

counsel can constitute cause to excuse a procedural default." *Goodwin*, 632 F.3d at 315.

For a claim of ineffective assistance of counsel to serve as cause for the procedural default of another habeas claim, the ineffective-assistance claim "must be based on deficient performance 'so ineffective as to violate the Federal Constitution.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) (quoting, in part, *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587 (2000); *see Goodwin*, 632 F.3d at 316. But Cooper's ineffective assistance of trial counsel claim fails on the merits and provides no basis for federal habeas corpus relief. *See supra,* §III(C). As a result, his ineffective assistance of counsel claim (his third ground for habeas relief) fails to serve as cause for his procedurally defaulted lesser-included-offense/sexual battery claim (first ground for relief) and his procedurally defaulted allied-offenses claim (second ground for relief). *See Edwards*, 529 U.S. at 45; *see also Wogenstahl*, 668 F.3d at 335.

Accordingly, unless Cooper's assertion of actual innocence – addressed *infra*, §V – nullifies his procedural default, his first and second grounds are barred from federal habeas review.

### D. Claims Four, Five, and Six

#### 1.
#### The Parties' Positions

Cooper's fourth, fifth, and sixth grounds for habeas relief assert:

Ground Four:      The trial court committed plain error when it failed to remove a juror who had previous contacts with Petitioner and his family member, and juror's knowledge of Petitioner's criminal history cause Petitioner to forsake his

right to not testify; a violation of his 5th and 14th Amendments right to due process....

Ground Five:    The trial court committed plain error and violated Petitioner's due process and equal protection rights, when it failed to strike the alleged victim's testimony after she perjured herself on the witness stand; a denial of Petitioner's right to a fair trial.

Ground Six:     Petitioner was denied effective assistance of trial counsel when counsel did not object or otherwise raise Grounds 4 and 5 in [his] habeas petition; a 6th Amendment violation.

(Doc. #2, PageID at 10-12).

Respondent contends that Cooper waived habeas review of these claims by failing to raise them on his direct appeal and because Ohio's doctrine of res judicata bars him from raising them in the Ohio courts. Respondent is correct.

## 2.
## Res Judicata

The Ohio courts apply res judicata to bar review of a claim "if (1) the petitioner could have brought a claim on direct appeal, but failed to do so or (2) the claim was actually brought and decided on direct appeal. Thus, under Ohio's res judicata doctrine, a defendant may not raise a claim in a post-conviction proceeding that either could have been or actually was fully litigated at trial or on direct appeal." *Hanna v. Ishee*, 694 F.3d 596, 613-14 (6th Cir. 2012); *see Monzo*, 281 F.3d at 577 (citing *State v. Cole,* 2 Ohio St.3d 112 (1982)). When res judicata properly applies in Ohio, it constitutes "an adequate and independent state ground for barring habeas review of constitutional claims." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004).

Cooper, through his new appellate counsel, did not raise on direct appeal his claims concerning juror bias, perjury allegedly committed by the victim, and ineffective assistance of trial counsel. His claims, as he frames them in the instant case, appeared on the trial court's record and were therefore available to him on direct appeal. Consequently, Ohio's res judicata doctrine now bars him from litigating in the Ohio courts the claims he separately raises in his fourth and fifth grounds for relief. *See Hanna*, 694 F.3d at 613-14; *see also Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Cole*, 2 Ohio St.3d 112, syllabus ("Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief." (italics in original)). Although Cooper later attempted to raise these claims in his pro se Rule 26(B) motion to reopen appeal in the Ohio Court of Appeals, this did not constitute a fair presentation of these claims to the Ohio courts because the claims served merely as the foundation of his overarching claim of ineffective assistance of appellate counsel. Rule 26(B) permits a defendant in Ohio to seek a reopened direct appeal based on a claim of ineffective assistance of appellate counsel but does not provide reopening based on any other claim. This is seen in the plain language Rule 26(B), which provides, "A defendant in a criminal case may apply for reopening of the appeal ... based on a claim of ineffective assistance of counsel...." No other language in Rule 26(B) permits a convicted defendant in Ohio to litigate whether a separate constitutional violation alone entitles him to a reopened appeal. The Ohio Court of Appeals' denial of Cooper's Rule 26(B) motion exemplifies this by

explaining, "Appellate Rule 26(B) allows a criminal defendant to apply to re-open his direct appeal based on a claim of ineffective assistance of appellate counsel. '[T]o justify reopening his appeal, [Appellant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal.'" (Doc. #6, Exh. 18, PageID at 191)(brackets in original; dictation omitted). "Because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default." *Abshear v. Moore*, 546 F.Supp.2d 530, 541 (S.D. Ohio 2008), *aff'd*, 354 Fed.Appx. 964 (6th Cir. 2009) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)) – the default for Cooper occurring when he failed to raise on direct appeal his claims of juror bias, the victim's supposed perjury, and ineffective assistance of trial counsel related to these claims.

### 3.
### Cause – Ineffective Assistance of Appellate Counsel

Construing Cooper's reply in his favor, he argues that ineffective assistance of appellate counsel constitutes cause for his procedural defaults. (Doc. #11, PageID at 892). He argues in his traverse that the Ohio Court of Appeals erroneously denied his motion to re-open his appeal under Ohio R. App. P. 26(B), and in so doing, did not enforce a procedural default against him.

In order for ineffective assistance of appellate counsel to constitute cause for Cooper's procedural default, his challenge to appellate counsel's representation – by itself – must not be procedurally defaulted, and Cooper must show that his challenge has merit – i.e., that his appellate counsel provided constitutionally ineffective assistance. *Edwards v. Carpenter*, 529

U.S. 446, 451, 120 S.Ct. 1587 (2000).

**4.**

**Omitting Trial Counsel's Ineffectiveness On Direct Appeal – Juror Bias**

Cooper argued in the Ohio Court of Appeals that his "appellate counsel should have raised as error trial counsel's ineffectiveness due to trial counsel's failure to have a particular juror removed for cause from the jury pool." (Doc. #6, Exh. 18, PageID at 191). Contrary to Cooper's view, the Ohio Court of Appeal applied a procedural bar to this claim, stating that "Rule 26(B) is not the proper vehicle for presenting the claim," *id.*, because it rested on facts not appearing in the trial court record. *Id.*, PageID at 191-92. The Ohio Court of Appeals noted, "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21." *Id.*, PageID at 192 (citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983)). Cooper did not raise his biased-juror/ineffective assistance claim in his §2953.21 proceeding. (Doc. #6, Exhs. 22, 24). Cooper, moreover, has not shown that the Ohio Court of Appeals' Rule 26(B) decision – procedurally barring him from raising his biased-juror/ineffective assistance claim – did not invoke an adequate and independent state procedural rule. Consequently, to the extent Cooper claims that his appellate counsel was ineffective assistance by failing to raise an ineffective assistance of trial counsel claim focused on juror bias, Cooper's challenge to his appellate counsel's representation is itself procedurally defaulted and cannot serve as cause for his procedural default. *See Carpenter*, 529 U.S. at 452.

**5.**

**Omitting Trial Counsel's Ineffectiveness On Direct Appeal – Witness Credibility**

In Cooper's Rule 26(B) motion in the Ohio Court of Appeal, he also asserted that his appellate counsel provided ineffective assistance by omitting trial counsel's error in failing to have the victim's testimony stricken because of her inconsistencies. (Doc. #6, PageID at 192). The Ohio Court of Appeals rejected this claim because "witness credibility is for the jury to determine" and the jury's credibility determinations are entitled to substantial deference. *Id.*

Reviewing the Ohio Court of Appeals' decision with AEDPA deference reveals that it was not contrary to, and did not unreasonably apply, clearly established federal law set forth in *Strickland*. Although the Ohio Court of Appeals neither cited *Strickland* nor performed a *Strickland*-based analysis, a detailed *Strickland* analysis was unwarranted given its conclusion that Cooper's trial counsel committed no error related to the victim's inconsistent testimony and credibility. *See Smith v. Robbins,* 528 U.S. 259, 285–86, 120 S.Ct. 746 (2000) ("the proper standard for evaluating Robbins' claim that appellate counsel was ineffective ... is that enunciated in *Strickland* ...."). Without any merit in this purported error, Cooper's appellate counsel did not omit a winning claim on direct appeal, and the three assignments of error he presented were stronger than Cooper's meritless idea that his trial counsel provided ineffective assistance by failing to challenge, and have stricken, the victim's inconsistent testimony. "[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Willis v. Smith,* 351 F.3d 741, 745 (6th Cir. 2003) (quoting *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001)); *cf. Whiting v. Burt,* 395 F.3d 602, 616 n. 8 (6th Cir. 2005) (listing

questions applicable to a de novo review of claims that appellate counsel provided ineffective assistance on a convicted defendant's direct state appeal).  This likewise means that if Cooper's claim is reviewed in this case under the modified-AEDPA standard, he has wholly failed to show that his appellate counsel provided constitutionally ineffective assistance on his direct appeal.  *See Vasquez v. Jones*, 496 F.3d 564, 569 (6th Cir. 2007) (modified AEDPA deference applies where the "state court adjudicated the claim but with little analysis on the substantive constitutional issue.").  And, lacking merit, Cooper's claim of ineffective assistance of appellate counsel cannot serve as cause for his procedural defaults.  *See Carpenter*, 529 U.S. at 451.

**6.**
**Conclusion**

Cooper has not shown cause sufficient to excuse his failure to raise his fourth through sixth grounds for relief on direct appeal in the Ohio Court of Appeals.  Consequently, unless his assertion of actual innocence – addressed *infra*, §V – nullifies his procedural default, his fourth, fifth, and sixth grounds for relief are barred from federal habeas review.

**V.    Actual Innocence, Cooper's Discovery**
**Motion, and the Presumption of Correctness**

Cooper asserts that he is actually innocent, a potential basis for relief from his procedural defaults.  *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639 (1986).  Cooper's Motion for Discovery seeks to obtain evidence in support of his actual-innocence claim and to challenge the presumption of correctness that attaches to the Ohio Court of

Appeals' factual summary on his direct appeal. *See* 28 U.S.C. §2254(e)(1). To defeat the presumption of correctness, Cooper must present clear and convincing evidence rebutting the Ohio Court of Appeals factual findings. *See id.*

"[A] claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [Cooper's] constitutional claims." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting, in part, *Schlup v. Delo,* 513 U.S. 298, 326-27, 115 S.Ct. 851 (1995)). "'[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" *Souter*, 395 F.3d at 588 (quoting, in part, *Murray ,* 477 U.S. at 496).

In order for actual innocence to excuse Cooper's procedural defaults, the threshold inquiry is whether his evidence of innocence raises "'sufficient doubt about [his] guilt to undermine confidence in the result of the trial.'" *Souter*, 395 F.3d at 589-90 (quoting *Schlup*, 513 U.S. at 317). He must show "'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Souter*, 395 F.3d at 590 (footnote omitted) (quoting *Schlup*, 513 U.S. at 327). And, "the actual innocence exception should 'remain rare' and only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting, in part, *Schlup*, 513 U.S. at 321).

In an effort to show his actual innocence, Cooper sticks to his story that the victim consented to a sex-for-drugs deal. Cooper's trial did not hinge on misidentification: he was involved in the events at issue. He acknowledged this during trial yet failed to convince the

31

jury that the victim had consented.

Now, to support his consent theory of actual innocence, he seeks to discover and submit

the following nine documents or categories of documents into the record of this case:

1.    The Police Report filed on March 29, 2008, by arresting officers....
2.    The Montgomery County Jail's Booking-In Sheet/Docketing Statement.
3.    The Detective report filed on March 30, 2008.
4.    The Forensic Report.
5.    The Medical report prepared by the Sexual Assault Nurse Examiner at Miami Valley Hospital.
6.    The State's Photographs of the Alleged Victim's Injuries (Trial Court Exhibits 1 through 8).
7.    The March 31, 2008 Victim/Witness Statement, (Trial Court Exhibit No. 10).
8.    The Live Search Maps (Trial Court Exhibits C, D, & E).
9.    The Photocopy of Earnings Statement/Check Stubs, (Trial Court Exhibit No. 9)....

(Doc. #9, PageID at 846-47).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct.

1793, 1796-97 (1997). Instead, the rules governing § 2254 cases require a petitioner to obtain

leave of court. Specifically, "A judge may, for good cause, authorize a party to conduct

discovery ... and may limit the extent of discovery...." Rule 6(A), Rules Governing Section

2254 Cases.

Rule 6 embodies the principle that a court must provide discovery in a
habeas proceeding only "where specific allegations before the court show reason
to believe that the petitioner may, if the facts are fully developed, be able to
demonstrate that he is ... entitled to relief." "The burden of demonstrating the
materiality of the information requested is on the moving party."

*Williams*, 380 F.3d at 974 (internal citations omitted).

The main problem with Cooper's discovery motion is that he seeks evidence mainly to impugn the victim's credibility and establish that she committed perjury during her trial testimony. *See* Doc. #11. The documents or categories of documents would – at best for Cooper – provide some weight in favor of his consent theory on the credibility scale. His evidence, however, fails to tilt the credibility scales so far in his favor to show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 327). And this is viewing his sought-after evidence from his vantage point – a dubious one in this federal habeas case when the state jury credited much of the victim's trial testimony; when the sufficiency of the evidence is determined by construing the evidence in the prosecution's favor; and when §2254 review "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). "The state need not rule out every hypothesis except that of guilt beyond a reasonable doubt, and the reviewing court need not be convinced of petitioner's guilt beyond a reasonable doubt. Moreover, the jury's credibility determinations are entitled to 'special deference.'" *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995) (internal citation omitted).

Even if Cooper submitted his sought-after evidence in this case, it fails to show that the victim committed perjury. Evidence, such as the March 29, 2008 Police Report or Jail Booking-In Sheet or the detective report on March 30, 2008 at best for Cooper would show inconsistencies or contradictions in the victim's versions of the events. Such discrepancies fail

to establish perjury.  *See Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998)("'mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.'") (citation omitted)).

For all the above reasons, Cooper has not shown good cause for obtaining the discovery he seeks.  Additionally, neither his sought-after evidence nor his contentions in this case raise "'sufficient doubt about [his] guilt to undermine confidence in the result of the trial.'"  *Souter*, 395 F.3d at 589-90 (quoting *Schlup*, 513 U.S. at 317).  His sought-after evidence likewise fails to constitute clear and convincing evidence sufficient to rebut the presumption of prejudice applicable to the Ohio Court of Appeals' statement of facts.  *See* 28 U.S.C. §2254(e)(2(B). And, in the end, he has not shown that his case is one of those rare and extraordinary cases in which a convicted state defendant has established his actual innocence.  *See Schlup*, 513 U.S. at 321; *see also Souter*, 395 F.3d at 590.

## VI.     <u>Certificate of Appealability</u>

Before a petitioner may appeal a denial of his habeas petition, he must first obtain a certificate of appealability.  28 U.S.C. §2253(c)(1)(A).  A certificate of appealability issues when the petitioner makes a substantial showing of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595 (2000).

The need for a certificate of appealability arises in two situations.  First, when the district court has dismissed a habeas petition on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

"The issue becomes somewhat more complicated..." in the second situation. *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added); *see Webb v. Mitchell*, 586 F.3d 383, 401 (6th Cir. 2009).

For the reasons stated herein, the conclusion that Cooper's claims fail to show he is entitled to relief under the AEDPA is not debatable by jurists of reason, and his claims do not otherwise present issues adequate to deserve encouragement to proceed further. Also for the reasons stated herein, the conclusion that some of Cooper's claims are procedurally defaulted would not generate debate among jurists of reason. Consequently, a certificate of appealability should not issue in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Cooper's Motion for Leave of Court to Conduct Rule 6 Discovery (Doc. #8) be DENIED;

2.   Cooper's petition for writ of habeas corpus (Doc. #2) be DENIED and DISMISSED;

3.   Cooper be denied leave to appeal *in forma pauperis* and the Court CERTIFY under 28 U.S.C. §1915(a)(3) that any appeal Cooper seeks to take from a Decision and Entry adopting this Report and Recommendation is not taken in good faith;

4  Cooper be denied a certificate of appealability under 28 U.S.C. §2253(c); and

5.  The case be terminated on the docket of this Court.


November 14, 2012          s/Sharon L. Ovington
                 Sharon L. Ovington
              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).