# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DONALD COOPER,                     :

     Petitioner,                  :         Case No. 3:12cv00059

 vs.                               :         District Judge Thomas M. Rose
                                        Chief Magistrate Judge Sharon L. Ovington

WARDEN, Lebanon                    :
Correctional Institution,
                                   :
     Respondent.                  
                                   :

---

# REPORT AND RECOMMENDATIONS[1]

---

     The Court previously denied and dismissed Donald Cooper's Petition for Writ of Habeas Corpus.  The Court also declined to issue Cooper a Certificate of Appealability and denied Cooper leave to proceed *in forma pauperis* on appeal.  (Doc. #s 12, 16).  Cooper has filed a Notice of Appeal.  (Doc. #18).

     The case is presently before the Court upon Cooper's Application To Proceed *In Forma Pauperis* On Appeal without Prepayment of Fees (Doc. #20), and the record as a whole.

     Cooper has proceeded *in forma pauperis* in this court.  He may not, however, proceed *in forma pauperis* on appeal "if the trial court certifies in writing that [his appeal] is not

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

taken in good faith." 28 U.S.C. §1915(a)(3). The test under 28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917 (1962). Thus an appellant's good-faith subjective motivation for appealing is not relevant. The issue instead is whether, viewed objectively, there is any non-frivolous issue to be litigated on appeal. *Id.*, 369 U.S. at 445, 82 S.Ct. at 921.

Cooper's Application to Proceed *In Forma Pauperis* on Appeal indicates that he is unable to pay the $450.00 filing fee required to pursue an appeal. He is therefore financially eligible for *in forma pauperis* status. However, his Application presents no new contentions indicating why his appeal is taken in good faith. As a result, and for the reasons set forth in the prior Report and Recommendations as well as the Entry and Order adopting it (Doc. #s 12, 16), objectively viewed, there are no non-frivolous issues to be litigated on appeal.

Accordingly, Cooper's appeal is not taken in good faith.

## IT IS THEREFORE RECOMMENDED THAT:

1.　　Petitioner's Application To Proceed *In Forma Pauperis* On Appeal (Doc. #20) be DENIED; and

2.　　The case remain terminated on the docket of this Court.

May 29, 2013

                               s/Sharon L. Ovington       
                                 Sharon L. Ovington
                          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

3